RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
BRIAN PUGH
Assistant Federal Public Defender
Law Office of the Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Brian_Pugh@fd.org

Attorney for Corey Marcus Valrey

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:22-cr-00220-APG-DJA |
| Plaintiff, | |
| vs. | **STIPULATION TO MODIFY CONDITIONS OF RELEASE** |
| COREY MARCUS VALREY, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, through Mina Chang, Assistant United States Attorney, and Brian Pugh, Assistant Federal Public Defender, counsel for Corey Marcus Valrey, that Mr. Valrey's pretrial release travel condition be modified to allow Mr. Valrey to travel anywhere within the State of Texas and to the District of Nevada.

This stipulation is entered into for the following reasons:

1. Mr. Valrey made his initial appearance in the Southern District of Texas ("SDTX") on November 23, 2022. ECF No. 8.

2. Mr. Valrey's original release conditions limit his travel to within the SDTX. *Id.* at 22.

3. Mr. Valrey's release conditions also require him to seek and maintain lawful employment. *Id.*

4. Mr. Valrey has a business wherein he transports people to medical appointments. Some of his trips require him to transport clients to medical facilities that are in Texas but outside the SDTX. Mr. Valrey needs to be able to travel to these locations to maintain his business.

5. Mr. Valrey also needs to be able to travel to the District of Nevada to consult with counsel and to make his court appearances in this case.

6. Mr. Valrey's Pretrial Services Officer reports that Mr. Valrey is in compliance with his conditions of release and Pretrial Services does not oppose this modification to his release conditions.

7. The parties agree to this modification.

8. The Bail Reform Act ("The Act") requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987). In deciding whether to impose certain conditions for pretrial release, the Court is obligated to consider the two dual goals of 18 U.S.C. § 3142. The two express goals of 18. U.S.C. § 3142 are (1) to reasonably assure a defendant's presence in court and (2) to protect the public. *Id.* To determine whether there are conditions that would reasonably protect the safety of the community, the court should consider whether the defendant will likely make a good faith

effort at complying with the conditions and whether the conditions are easily circumvented or manipulated. *United States. v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008). To make this determination, there must be an "individualized, fact-specific inquiry." *Id.*, at 1094.

9. In addition to the facts and circumstances that led to Mr. Valrey's release on conditions, Mr. Valrey has been in compliance with his conditions of release for 18 months.

10. Mr. Valrey has demonstrated to his Pretrial Services Officer and the Court that he is not a risk of flight and that he can be trusted to travel throughout Texas and to Nevada.

11. Wherefore, the parties hereby stipulate and request that this Court modify Mr. Valrey's release conditions to expand his travel restriction to include the entire State of Texas and the District of Nevada.

Respectfully submitted this 7th day of June 2024.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By */s/ Brian Pugh*<br>BRIAN PUGH<br>Assistant Federal Public Defender | By */s/ Mina Chang*<br>MINA CHANG<br>Assistant U.S. Attorney |

ORDER

IT IS SO ORDERED.

ELAYNA J. YOUCHAH
United States Magistrate Judge

DATED: June 10, 2024